

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable M. A. Bundy
Chairman, Appropriations Committee
House of Representatives
Austin, Texas

Dear Mr. Bundy:

Opinion No. O-5194

Re: Constitutionality of Senate
Bill No. 118, making an ap-
propriation to pay mileage
to Supervisors under the
State Soil Conservation Act
for the fiscal years ending
August 31, 1942, and August
31, 1943.

Your request for an opinion upon the validity of
House Bill No. 118, appropriating money to pay mileage
claims of Supervisors under the State Soil Conservation
Act for the fiscal years ending August 31, 1942, and Aug-
ust 31, 1943, respectively, is before us.

The Bill, including the preamble, insofar as is
pertinent, is as follows:

"PREAMBLE

"WHEREAS, the State Soil Conservation Act provides
that Supervisors may receive compensation for services not
to exceed Four ($4.00) Dollars for each day he shall be in
attendance at the regular meetings of the Board of Supervis-
ors, and Five (5¢) Cents per mile for travel each way between
the residence of a supervisor and the designated business of-
fice of the District Supervisors. Supervisors shall be paid
quarterly for their services, and may not receive compensa-
tion and mileage for any number of days in excess of five (5)
in any three months period.

"WHEREAS, in the appropriations to the State Soil
Conservation Board for payment of District Supervisors ending
the 31st day of August, 1942, the amount of Thirty Thousand

($30,000) Dollars was provided, and for the year ending the 31st day of August, 1943, the amount of Thirty-six Thousand ($36,000) Dollars appropriation provided sufficient funds with which to pay per diem and mileage of Supervisors as is provided by law, but, being set up under the title of 'salaries' in the appropriation bill, in an opinion No. 0-4382, Re: Deficiency Allowance to the State Soil Conservation Board, the Attorney General of the State of Texas held that monies appropriated under the titles of salaries could not be used only in payment of per diem, and no part of which could be used in payment of mileage.

"WHEREAS, at the end of the year ending August 31, 1942, the sum of Fifteen Thousand, One Hundred Sixteen ($15,116.00) Dollars was paid to Supervisors for per diem, leaving an unexpended balance in the appropriation of Thirty Thousand ($30,000) Dollars of Fourteen Thousand, Eight Hundred Eighty-Four ($14,884) Dollars. For that period, obligated mileage to Supervisors amounted to approximately Nine Thousand ($9,000) Dollars, which could not be met out of the unexpended balance of Fourteen Thousand, Eight Hundred Eighty Four ($14,884) Dollars under the ruling of the Attorney General. The same condition exists regarding the appropriation of Thirty-six Thousand ($36,000) Dollars provided for the year ending August 31, 1943. In effect, the monies contained in the appropriation for 1942 and 1943 otherwise available for paying mileage to Supervisors, is nullified by the opinion of the Attorney General. Since the funds provided, which would otherwise be sufficient to pay both per diem and mileage to Supervisors, can be used only in payment of per diem, the balance unused in each case, after the payment of per diem, reverts unused.

"THEREFORE, in order to pay the Supervisors provided for in the Soil Conservation Law, the mileage equitably due them:

"BE IT ENACTED BY THE LEGISLATURE OF THE STATE OF TEXAS:

"SECTION 1. There is hereby appropriated to the State Soil Conservation Board, out of any money in the Treasury not otherwise appropriated, the sum of Eight Thousand, Five Hundred ($8,500) Dollars, to be used to pay mileage claims of District Supervisors for the fiscal year ending

Honorable M. A. Bundy - page 3

August 31, 1942, and the sum of Ten Thousand, Five Hundred ($10,500) Dollars to be used to pay mileage claims of District Supervisors for the fiscal year ending August 31, 1943."

You are respectfully advised that S. B. No. 118, if enacted, will be constitutional.

Section 44 of Article III of the Constitution declares:

"The Legislature shall provide by law for the compensation of all officers, servants, agents and public contractors, not provided for in this Constitution, but shall not grant extra compensation to any officer, agent, servant, or public contractors, after such public service shall have been performed or contract entered into, for the performance of the same; nor grant, by appropriation or otherwise, any amount of money out of the treasury of the State to any individual, on a claim, real or pretended, when the same shall not have been provided for by pre-existing law. * * *."

Section 6 of the State Soil Conservation law provides for supervisors, fixes compensation for services not to exceed $4.00 per day, and five cents per mile for travel expenses, as therein limited.

Such District Supervisors are officers under the State Soil Conservation Law, within the meaning of the first sentence of the above-quoted Constitution.

The State, therefore, by virtue of the statute is liable to such District Supervisors for the mileage provided for them, and this liability continues until it has been satisfied by payment. Payment may be made only by specific appropriation by the Legislature (Section 6, Article VIII, Constitution of the State of Texas) and the authority and duty to make such appropriation abide until the payment and discharge thereof is made.

The State Soil Conservation Act is itself the "pre-existing law", which authorizes the appropriation under Senate Bill No. 118.

In the case of Lightfoot, Attorney General v. Lane, Comptroller, 140 S. W. 89, the Supreme Court ordered a writ of mandamus to issue against W. P. Lane, Comptroller of Public Accounts, commanding him to issue and deliver to Jewel P. Lightfoot, Attorney General, a warrant upon the Treasurer of the State of Texas for salary due him, saying, however, "The warrant could not be paid until appropriation should be made if not theretofore made." Implicit in this holding of the Lightfoot case is the further one that the necessary appropriation for payment could and should be made.

The appropriation of Senate Bill 118 is in no sense in violation of the provision of the Constitution first above quoted.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Ocie Speer
Assistant

OS-MR

APPROVED APR 13, 1943

_Gerald C. Mann_

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN